**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| CORINNA CLENDENEN, on behalf of herself and others similarly situated, | ) ) ) ) | Jury Trial Demanded |
| Plaintiffs, | ) ) | 17-cv-1045 Case no.:_____ |
| vs. | ) ) | |
| STEAK N SHAKE OPERATIONS, INC. (an Indiana Corporation) | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**
**Collective Action under Fair Labor Standards Act**
**Rule 23 Class Action Claim under IL Minimim Wage Law**

**COMES NOW**, the Plaintiff Corinna Clendenen, on behalf of herself and all others similarly situated, and brings this action against Defendant Steak N Shake Operations, Inc. for damages and other relief as follows:

**NATURE OF ACTION**

1. Plaintiff alleges on behalf of herself and other current and former restaurant "Managers," employed by Defendant in the United States at their Steak N Shake corporate owned restaurants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

2. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated current and former restaurant "Managers" employed by Defendant at their corporate owned restaurants within the State of Illinois,

that pursuant to the ILLINOIS MINIMUM WAGE LAW (IMWL) 820 ILCS §105/1 *et seq*, they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 for the claims being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

4. This Court has supplemental jurisdiction for all claims asserted under the IMWL in that the claims under this law are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claim would not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant conducts business and can be found in the Central District of Illinois, and the cause of action set forth herein has arisen and occurred in part in Peoria, Illinois. Venue is also proper under 28 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within Illinois, and in particular this judicial district.

## PARTIES

6. Defendant Steak N Shake Operations, Inc. ("Steak N Shake") is an Indiana corporation registered to do business and in good standing in the state of Illinois. Its registered agent is Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, IL 62703.

7. Defendant is engaged in interstate commerce by, among other things, operating retail restaurant establishments. Defendant operates over 400 corporate owned retail restaurants throughout the country including in Peoria, Illinois. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

8. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all relevant times, Defendant has been, and continues to be an "employer" as defined under IMWL 820 ILCS § 105/3(c). At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," such as the Plaintiff and all similarly situated employees as defined under IMWL 820 ILCS § 105/3(d).

10. Plaintiff Corinna Clendenen currently resides in Peoria, Illinois.

11. Plaintiff brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b) and on behalf of herself and other similarly situated employees who worked within the state of Illinois pursuant Fed.R.Civ.P. 23.

12. Plaintiff and others similarly situated are individuals who were, or are, employed by Defendant as "Managers," or as employees with similar job duties, throughout the country during the applicable statutory periods under the FLSA and IMWL.

**FACTUAL ALLEGATIONS**

13. Not including restaurant establishments franchised by Defendant to franchisees, Defendant operates over 400 corporate owned retail restaurant locations

throughout the country. According to a recent annual statement, Defendant operates 63 corporate owned restaurants in the state of Illinois including in Peoria, Illinois.

14. During Plaintiff's employment as a Manager with Defendant, Defendant's retail restaurants were divided into five "Group Markets": (a) Chicago/Detroit, (b) Cleveland/Dallas, (c) Indianapolis, (d) Orlando/Atlanta, and (e) St. Louis. Currently, the Defendant's restaurants are divided into seven "Group Markets": (a) St. Louis, (b) Indianapolis, (c) Bloomington, (d) Atlanta, (e) Cleveland, (f) Dallas and (g) Orlando.

15. Defendant's retail restaurants are modeled to be staffed with the following positions that were treated as exempt from overtime by the Defendant within the past three years of this filing (listed in their respective alleged chain of supervision): "General Manager," "Restaurant Manager", and one or more "Managers."

16. In addition to the overtime exempt positions set forth in paragraph 15, Defendant also employs numerous overtime eligible, or nonexempt, persons at each retail restaurant such as grillers, fryers, sandwich dressers, dishwashers, fountain drink operators, operations supervisors, and like positions; and servers and production trainers (hereafter collectively referred to as "nonexempt restaurant workers").

17. Plaintiff Clendenen was employed by Defendant as a Manager from the approximately 2012 through on or about October 2014. Clendenen worked at numerous restaurant locations in Peoria, Illinois which were in the Chicago/Detroit Group Market (now the Bloomington Market Group).

18. Regardless of location or market group, Defendant has a uniform corporate-wide job description for Managers setting forth their job duties and requirements, a uniform policy of not requiring Managers to record hours worked, and uniform corporate-wide policies governing every aspect of Manager's daily job duties.

19. Regardless of location, all of Defendant's Managers, including the Plaintiff, have the same or similar primary job duties which are controlled in every aspect by Defendant's centralized corporate policies and procedures.

20. Regardless of location, within three years of filing this Complaint, the Defendant classified all Managers, including the Plaintiff, as exempt from overtime compensation under the "executive exemption" (as defined under 29 C.F.R. § 541.100, *et seq.*) and the "administrative exemption" (as defined under 29 C.F.R. § 541.200, *et seq.*) under the FLSA.[1]

21. Regardless of location, the Defendant classified all Managers located in the State of Illinois, including the Plaintiff, as exempt from overtime compensation under the "executive exemption" and "administrative exemption" as defined under 820 ILCS 105/4a(2)(E).[2]

22. During her employment with the Defendant as a Manager, the Plaintiff and other similarly situated employees, were routinely scheduled on a weekly basis to work 50 hours per workweek. Plaintiff, and other similarly situated employees, never received overtime pay for hours worked in excess of forty per workweek and often worked in excess of fifty hours per week. On a weekly basis while working as a Manager, the Plaintiff usually worked an average 55 hours per week.

23. Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff and others similarly situated as required by law.

---

[1] Plaintiff believes there was a brief period of time between November 2016 and February 2017 where Defendant classified Managers as nonexempt and paid overtime.
[2] *See* fn. 1, infra.

# COUNT I
## FLSA COLLECTIVE ACTION

24. Plaintiff Clendenen, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

25. Plaintiff files this action on behalf of herself and all others similarly situated. The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked, or will work during the liability period, as Managers (or persons with similar job duties) for Defendant at all corporate owned retail restaurants at any time from three years prior to the filing of this Complaint (hereafter the "FLSA Collective") for all locations except ones within the St. Louis Group Market.

26. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A.

27. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked in violation of the FLSA.

28. Plaintiff, and the FLSA Collective, are similarly situated in that they all have the same primary job duties, are all subject to Defendant's same corporate policies and procedures governing every aspect of their job duties, all routinely work(ed) in excess of forty hours per workweek, and are all subject to the same exemption pay policy of not paying any overtime compensation for hours worked in excess of forty per workweek.

29. Defendant failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

30. Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime equal to one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

31. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

32. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

34. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

35. The Plaintiff and the FLSA Collective have suffered from Defendant's common policies and plans of misclassifying Managers as exempt, and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it misclassified Plaintiff and those similarly situated as exempt;

c) Judgment against Defendant for Plaintiff and those similarly situated for unpaid back wages, and back wages at the applicable overtime rates;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS UNDER IMWL

36. Plaintiff, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

37. Plaintiff Clendenen brings her overtime wage claim pursuant to the IMWL, 820 ILCS §105/1 *et seq.*, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked, or will work during the liability period, as Managers (or persons with similar job duties) for Defendant at all corporate owned retail restaurants located in the State of Illinois at any time within three years prior to the filing of this Complaint (hereafter the "Illinois Class").

38. The IMWL, 820 ILCS 105/4a(1), requires that all employers shall pay employees nothing less than one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

39. Defendant violated the IMWL by failing to compensate Plaintiff and Illinois Class members the overtime pay rate of one and one-half times their regular pay rate for hours worked in excess of forty per workweek, and therefore, owes them this compensation.

40. Class action treatment of Plaintiff's IMWL claim is appropriate because, as alleged in paragraphs 41-46 *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

41. The Illinois Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

42. Plaintiff Clendenen is a member of the Illinois Class, and her IMWL claim is typical of the claims of other Illinois Class members. For example, Plaintiff Clendenen and the Illinois Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated the IMWL when it failed to pay them overtime compensation for hours worked over 40 per workweek. Plaintiff has no interests that are antagonistic to or in conflict with the Illinois Class' collective interest in obtaining such a judicial finding.

43. Plaintiff will fairly and adequately represent the interests of the Illinois Class, and she has retained competent and experienced counsel who will effectively represent the interests of the Illinois Class.

44. Questions of law and fact are common to the class. The Plaintiff and the Illinois Class have been subjected to the common business practices described in paragraphs 38-39, *supra*, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of fact include whether the Defendant paid any overtime premium for hours worked in excess of forty per work week and whether the Plaintiff and the Illinois Class worked in excess of forty hours per work week. Common questions of law include, *inter alia*, whether Defendant's company-wide practice of paying Managers a salary and classifying them as exempt from overtime compensation violated the IMWL.

45. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Illinois Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Illinois Class members.

46. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 46 *supra*, predominate over any questions affecting only individual Illinois Class members. In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

47. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Illinois Class have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay. In turn, under 820 ILCS 105/12(a), Plaintiff and the

Illinois Class are also entitled to liquidated damages, attorney's fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and the Illinois Class, seek the following relief:

a) Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Illinois Class and issuance of notice to said members apprising them of the pendency of this action;

b) Designation of Corinna Clendenen as Representative Plaintiff of the Illinois Class;

c) Designation of Brendan J. Donelon and Daniel W. Craig, of the law office of Donelon, P.C. as the attorneys representing the Illinois Class;

d) A declaratory judgment that the practices complained of herein are unlawful under the IMWL;

e) An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f) An award of damages for overtime compensation due the Plaintiff and Illinois Class, including liquidated damages allowed under the IMWL to be paid by Defendants;

g) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h) Pre-Judgment and Post-Judgment interest, as provided by law; and

i) Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully Submitted,

 

*/s/ Brendan J. Donelon*
Brendan J. Donelon, MO 43901
*Lead Counsel*
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    (816) 221-7100
Fax:    (816) 709-1044
brendan@donelonpc.com

Attorneys for Plaintiff

Daniel W. Craig, IL 6230845
6614 Clayton Road, #320
St. Louis, Missouri 63117
Tel:    (314) 297-8385
Fax:    (816) 709-1044
dan@donelonpc.com